UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CUSTOMINK, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:15cv1177 |
| ) | |
| PRINTFLY CORPORATION ) | |
| d/b/a RUSHORDERTEES.COM, ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION

THIS MATTER originally came before the Court on plaintiff CustomInk, LLC's Motion to Compel the Production of Responsive Documents and to Modify the Scheduling Order (Dkt. 33), which the Court granted on January 8, 2016. Federal Rule of Civil Procedure 37(a)(5)(A) provides that the Court must order the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees. The Court, in considering the motion, found that defendant's failure to provide discovery necessitated plaintiff's motion and defendant's nondisclosure was not substantially justified. This matter comes again before the Court for consideration of plaintiff's counsel's submission of fees and costs associated with that motion.

Plaintiff CustomInk, LLC's Statement of Fees and Costs Incurred in Connection with Motion to Compel Discovery requested

1

total expenses of $22,683.97.[1] (Dkt. 48.) The Court finds that plaintiff's counsel reasonably spent 29.2 total hours in connection with the Motion, consisting of 2.8 hours by Douglas A. Winthrop, 2.6 hours by Ian S. Hoffman, and 23.8 hours by Matthew T. Salzmann. Mr. Winthrop is a partner that has been practicing law for twenty-three years, his hourly billing rate for 2015 was $831.25, and his hourly billing rate for 2016 is $874.00. Mr. Hoffman is a senior associate, his hourly billing rate for 2015 was $655.50, and his hourly billing rate for 2016 is $693.50. Mr. Salzmann is also a senior associate, his hourly billing rate for 2015 was $726.75, and his hourly billing rate for 2016 is $745.70.

The Court has additionally reviewed the twelve factors to be considered when determining the reasonable billing rate and hours. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009). Of the twelve factors, the Court finds that factors (2) novelty and difficulty of the questions raised, (4) opportunity costs, (6) attorney's expectations, (7) time limitations, (8) amount in controversy, (10) undesirability, and (11) nature and length of the attorney-client relationship are not significant factors.

---

[1] However, the itemized table of fees that is attached to plaintiff's Statement of Fees and Costs contains a few typos, which have led plaintiff to request this amount. The undersigned has calculated that, based on the hours worked and applicable rates, the correct total amount of expenses is $22,366.23.

As to the reasonableness of counsel's rates, the Court is familiar with the prevailing rates in the area for these types of cases and, in light of the passage of time since this Court has last addressed the prevailing market rates in Northern Virginia, the Court finds that the rates charged in this case are comparable to the prevailing rates for attorneys with their experience and ability in 2015 and 2016. Thus, the Court finds that these fees are reasonable.

The skill required (factor 3) in a copyright, trademark, and trade practices case further justifies the fees charged, as do the experience, reputation, and abilities of the attorneys (factor 9).

As to factors 1, 5, and 12, the Court finds that the time and labor expended are reasonable and necessary (factor 1), the fees are customary for like work (factor 5), and the attorneys' fees award in connection with this motion is similar to those in other cases which the Court has considered in the past (factor 12). Thus, the Court finds the total attorneys' fees detailed below to have been reasonably incurred in making this motion and should be awarded:

| Attorney | Hours Worked in 2015 | Rate in 2015 | Amount |
|---|---|---|---|
| Mr. Winthrop | 1.3 | $831.25 | $1,080.62 |
| Mr. Hoffman | 0.5 | $655.50 | $327.75 |
| Mr. Salzmann | 8.6 | $726.75 | $6,250.05 |

3

| Attorney | Hours Worked in 2016 | Rate in 2016 | Amount |
|---|---|---|---|
| Mr. Winthrop | 1.5 | $874.00 | $1,311.00 |
| Mr. Hoffman | 2.1 | $693.50 | $1,456.35 |
| Mr. Salzmann | 15.2 | $745.70 | $11,334.64 |
| Total Amount | | | $21,760.41 |

It is reasonable and customary for both associates and partners to work on the same motion and their time expended is not duplicative, but appropriate.

Additionally, plaintiff incurred the following reasonable costs in connection with this motion, which should be awarded:

| Description of Disbursement | Cost |
|---|---|
| Federal Express for Court's courtesy copy | $13.26 |
| Train ticket between New York and Washington for Mr. Salzmann | $406.00 |
| Lodging for Mr. Salzmann | $186.56 |
| Total Costs | $605.82 |

Therefore, the Court finds that defendant Printfly Corporation must pay plaintiff the total sum of $22,366.23, within ten (10) days. An appropriate order shall issue.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February 19, 2016
Alexandria, Virginia